IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 10-00187-01-CR-W-ODS |
| ROBERT MONTGOMERY, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is currently before the Court on the following pro se notices and motions to dismiss filed by defendant Montgomery:

1. Notice; Article II; Judicial Notice Rule 201; Judicial Notice of Adjudicative Facts (a)(b)(d)(e)(f) (doc #71);

2. Motion of Selective Prosecution Defense (doc #72);

3. Motion to Challenge the Jurisdiction of the United States District Court (doc #74);

4. Notice; Judicial Notice Rule 201; Judicial Notice to Dismiss for Lack of Territorial Jurisdiction (doc #76);

5. Article II; Judicial Notice of Adjudicative Facts; Rule 201(b)(c)(d)(e)(f), Federal Criminal Code and Rules (doc #78);

6. Ex Parte Memorandum; Judicial Notice By Way of Affidavit, or Formal Challenge of Federal Governments (the D.O.J.) Jurisdiction Pursuant to 40 U.S.C. § 255 (doc #84);

7. Ex Parte Memorandum (doc #89);

8. Ex Parte Memorandum (doc #90);

9. Ex Parte Memorandum (doc #93);

10. Ex Parte Motion to Amend and to Request Oral Argument and Request Court to Order Government to Produce Documentation of Proof of Purchase and Cession of Land Pursuant to Title 40 U.S.C. § 255, § 3112, and RSMo. § 12.010, § 12.020 (doc #95);

11. Notice and Demand to Dismiss for Lack of Territorial Jurisdiction (doc #96);

12. Judicial Notice as Notice to Dismiss Indictment as Evidence is

> Unconstitutional in Lack of Subject Matter Jurisdiction (doc #99);

13. Jurisdictional Challenge to the Prosecution and to the Court (doc #100); and

14. Motion to Take Judicial Notice of the Determination By the D.O.J. That Title 18 (1948) is Unconstitutional and of the Fair Warning Doctrine (doc #109).

For the reasons set forth below, it is recommended that these motions be denied.

## I. INTRODUCTION

On June 21, 2010, a criminal complaint was filed against defendant Robert Montgomery. The complaint charged that on June 21, 2010, defendant Montgomery, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Glock, Model 17, 9mm semi-automatic pistol, which had been transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The affidavit given in support of the criminal complaint, signed by Task Force Officer Christopher A. Gilio, Bureau of Alcohol, Tobacco, Firearms and Explosives, provided in part:

> 2. On June 21, 2010, at 12:35 a.m., Kansas City, Missouri Police Sergeant Gregory Williams was in the area of 13th and Highland in Kansas City, Jackson County, Missouri, regarding an aggravated assault shooting that occurred in the area. Sergeant Williams received information that the shooting suspect was still in the area and was leaving in a red Dodge. Sergeant Williams immediately observed a red Dodge with a freshly broken window and bullet holes in the exterior of the vehicle. Sergeant Williams attempted to stop the vehicle on a car check and the driver refused to stop. The vehicle struck a parked vehicle near 13th and Garfield and the driver who was later identified as Robert MONTGOMERY, DOB: 08/13/1972, fled on foot. MONTGOMERY was taken into custody after a short foot pursuit. Sergeant Williams returned to the vehicle driven by MONTGOMERY and located a handgun on the passenger seat in plain view. The handgun was recovered and determined to be a Glock, Model 17, 9mm semi-automatic pistol, Serial Number GW530US.
>
> 3. On May 7 [sic], 2010, Detective Chris Toigo of the Kansas City, Missouri Police Department, Robbery Unit, advised Robert MONTGOMERY of his *Miranda* rights and questioned him regarding his arrest. During questioning, MONTGOMERY admitted that he ran from the pursuing police officers but denied knowledge of the firearm that was found inside of his vehicle.
>
> 4. On June 21, 2010, I reviewed the criminal history relating to the felony convictions of Robert MONTGOMERY. On August 12, 1998, in the Circuit Court of Jackson County, Missouri, Case Number CR199803805, MONTGOMERY was sentenced to five years of imprisonment relative to a felony conviction of Distribution of a Controlled Substance.

> 5. I know based on my experience and training that the previously described Glock pistol was not manufactured in Missouri. The pistol was most likely manufactured in Austria.

(doc #1-1)

On June 29, 2010, the Grand Jury returned a one count indictment against Robert Montgomery. The indictment charges that on June 21, 2010, defendant Montgomery, having been convicted of crimes punishable by imprisonment for terms exceeding one year, knowingly possessed a firearm, to wit, a Glock, Model 17, 9mm semi-automatic pistol, which had been transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On December 23, 2010, defendant Montgomery filed a pleading entitled Motion By Defendant Robert Montgomery Invokes the Right to Self-Representation With Advisory Counsel on Standby to Assist (doc #35). Defendant Montgomery was granted leave to proceed pro se on January 13, 2011.

On January 13, 2011, the government filed a Notice of Prior Convictions of the Defendant and Notice of the Government to Enhance the Defendant's Sentence Under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The notice lists the following prior convictions:

1. 1994 conviction for Assault in the Second Degree, in Case Number CR94-4073 in Jackson County, Missouri;

2. 1998 conviction for Sale of a Controlled Substance in Case Number 16CR98003805-01 in Jackson County, Missouri;

3. 2000 conviction for Felon in Possession of a Firearm, Case Number 00-00036-01-CR-W-2, in the Western District of Missouri; and

4. 2008 conviction for Domestic Assault in the Second Degree, in Case Number 076-CR06608 in Jackson County, Missouri.

(doc #38)

On February 22, 2011, the undersigned filed a Report and Recommendation which recommended that seven pro se motions to dismiss filed by defendant Montgomery be denied. On March 17, 2011, the district court adopted the undersigned's report and recommendation and denied defendant's motions to dismiss.

## II. DISCUSSION

As with the previous motions to dismiss, the pending pro se notices and motions to dismiss contain a jumbled collection of quotations and citations. To the extent that defendant requested oral argument on any of the pending notices and motions, the Court did not feel that such argument would be beneficial to it in its ruling. The Court has attempted to decipher defendant's pleadings and pull out the arguments for dismissal that defendant is advancing. These arguments for dismissal include:

1. the Court does not have subject matter jurisdiction as it only has jurisdiction in civil matters;

2. the federal government has no jurisdiction over the exact geographical location where defendant's crime is alleged to have taken place;

3. the evidence and reports against defendant were obtained from the Kansas City, Missouri Police Department, rather than a federal agency;

4. the arrest warrant did not comply with Rules 4 and 9 of the Federal Rules of Criminal Procedure and the Fourth Amendment;

5. defendant was arrested prior to the issuance of the arrest warrant;

6. the indictment was not returned in open court;

7. defendant was subjected to selective prosecution as similarly situated parties have not been charged with the same offense;

8. defendant was deprived of rights under the Uniform Criminal Extradition Act;

9. a magistrate judge has no jurisdiction to preside over defendant's pretrial proceedings;

10. the grand jury was improperly impaneled;

11. 18 U.S.C. § 922(g)(1) is unconstitutional;

12. there was prosecutorial misconduct before the grand jury;

13. defendant was denied his due process rights because he was not permitted to participate in the selection of the grand jury; and

14. 18 U.S.C. § 3231 is unconstitutional and void because H.R. 3190 was never constitutionally passed by Congress.

The Court will address each of defendant's arguments listed above. To the extent that defendant's

pleadings contain references to any other arguments, the Court finds these additional arguments frivolous.

A. Jurisdiction

As in the motions to dismiss which already have been denied, the major theme in defendant's filings is that the Court lacks jurisdiction. In its previous Report and Recommendation, the Court quoted the following excerpt from the case of United States v. McDowell, 2010 WL 5014445 (D. Kan. Dec. 3, 2010). The court wrote:

> [Defendants] misconstrue the jurisdiction of federal district courts. Under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. 18 U.S.C. § 3231. Criminal jurisdiction of courts of the United States is derived exclusively from acts of Congress. Hudspeth v. Melville, 127 F.2d 373, 375 (10th Cir. 1941)(citing Jones v. United States, 137 U.S. 202 (1890)). Thus, for the Court to have subject matter jurisdiction over a criminal defendant, Congress must have explicitly prescribed the criminal offense. See Jerome v. United States, 318 U.S. 101, 105 (1943). In this case, Mr. Pitter and Mr. McDowell have been charged in part with conspiracy to distribute and possess with the intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a) and 846, continuing criminal enterprise, in violation of 21 U.S.C. § 848, and using a communication facility, a cellular telephone, in facilitating the offense, in violation of 21 U.S.C. § 843(b).

McDowell, 2010 WL 5014445 at *5. See also United States v. Trotter, 478 F.3d 918, 920 n.2 (8th Cir. 2007)("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss was properly denied.")

In this case, defendant Montgomery has been charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). This Court has subject matter jurisdiction over defendant Montgomery's case.

Defendant Montgomery also now advances the argument that this Court has no jurisdiction over the location where his crime allegedly occurred. However, courts have held this argument to be without merit. See Johnson v. United States, 2010 WL 4553671, *1 (W.D. Mo. Nov. 3, 2010)("argument–that the United States did not have jurisdiction unless Missouri ceded this land to the federal government–is baseless"); Taylor v. United States, 2009 WL 1874071, *3 (E.D. Tenn. June 29, 2009)("When a federal law is violated, the permission of the state where the offender

committed his crime against the United State is not a prerequisite for the United States to exercise that jurisdiction.") Again, this Court has jurisdiction over defendant Montgomery's case.

Another jurisdictional argument that defendant is now advancing is that the case should be dismissed because the evidence and reports against him were obtained from a jurisdiction outside of the federal territorial jurisdiction, that is the Kansas City, Missouri Police Department. The Court notes that evidence procured by state officers is regularly used in federal prosecutions. "In a federal prosecution, we evaluate a challenge to a search conducted by state authorities under federal Fourth Amendment standards." United States v. Cote, 569 F.3d 391, 393 (8th Cir. 2009). Defendant has filed a motion to suppress the evidence seized by the Kansas City, Missouri Police Department and the Court will be addressing defendant's motion to suppress in a separate Report and Recommendation. There is no basis for dismissing an action just because the evidence against a defendant charged with a federal offense was obtained by state agents, rather than federal agents.

B. Arrest Warrant

Defendant contends that the arrest warrant issued by the undersigned on June 21, 2010, did not comply with Rules 4 and 9 of the Federal Rules of Criminal Procedure and the Fourth Amendment.

First, the arrest warrant was issued in connection with a criminal complaint, not an indictment. Thus, Rule 9, Arrest Warrant or Summons on an Indictment or Information, has no application. Rule 4 provides:

**Arrest Warrant or Summons on a Complaint**

(a) **Issuance**. If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it. ...

The Fourth Amendment to the United States Constitution provides that "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation ..."

On June 21, 2010, the undersigned was presented with a criminal complaint and a sworn

affidavit in support of the complaint. By signing the complaint, the Court found that probable cause was established to believe that defendant Montgomery had committed the offense charged in the complaint, i.e. being a felon in possession of a firearm. At the preliminary hearing held on June 24, 2010, the Court again found that probable cause had been established. The grand jury also found probable cause had been established when it indicted defendant Montgomery on June 29, 2010. There was no error in the issuance of the arrest warrant.

Defendant Montgomery further argues his case should be dismissed because he was taken into custody by the police prior to the issuance of the arrest warrant. The United States Supreme Court has found "[t]he actual observance by the police of the commission of the suspected crime thereupon justified their immediate arrest of those engaged in it without securing a warrant for such arrest." McDonald v. United States, 335 U.S. 451, 462 (1948). Defendant Montgomery led officers on a high speed chase, wrecked into a parked car and then fled on foot. After defendant's capture, it was determined that defendant had a felony record and a firearm was found in the vehicle defendant had been driving. Officers were justified in arresting defendant Montgomery for the traffic offenses as well as the felon in possession charge. Defendant has presented no basis for dismissal.

C.  Indictment

Defendant argues that Rule 6(f) of the Federal Rules of Criminal Procedure was violated as the indictment was not returned in open court.

Rule 6(f) provides that "[t]he grand jury--or its foreperson or deputy foreperson--must return the indictment to a magistrate judge in open court." Defendant Montgomery's indictment was returned by the grand jury in open court on June 29, 2010, before Magistrate Judge Robert E. Larsen. Again, there was no error.

D.  Selective Prosecution

Defendant makes two claims that he was subjected to selective prosecution as similarly situated parties have not been charged with the same offense. First, defendant argues:

7

> Defendant was arrested after a brief foot chase from a vehicle on June 21, 2010, of which the alleged handgun was allegedly discovered. The owner of the vehicle was never rightfully discovered, in which no one other than defendant has been charged with this federal statute violation.

(doc #78 at 8)

Sergeant Gregory Williams testified at the suppression hearing held on July 19, 2011, that there was no one else in the vehicle with defendant Montgomery when Montgomery led Williams on a high speed chase, wrecked into a parked car and then fled on foot. (Tr. at 68) The Court is at a loss to understand who defendant contends is similarly situated to him that should also have been charged with being a felon in possession of a firearm. Thus, defendant's first argument for selective prosecution must fail.

Defendant also argues that this case should be dismissed based on racial selective prosecution.[1] Specifically, defendant argues:

> Mr. Barnes is prosecuting the Defendant because of his race, and past criminal history. This prosecution is nothing less than racial profiling and racial bias. Fact is both, the Defendant Mr. Montgomery, is a black male, and a convicted felon. Where, within this same district, a white male, and convicted felon is almost obsolete of being charged with the same charge as the defendant.

(doc #72 at 2)

In United States v. Chan, 2006 WL 734395 (N.D. Cal. Mar. 20, 2006), the court set forth the following standard when dealing with a motion to dismiss for selective prosecution:

> As the courts have repeatedly recognized, there is a "presumption that the Attorney General of the United States and the United States Attorneys are properly discharging their official duties and not acting with a racial bias contrary to the commands of the Constitution." United States v. Turner, 104 F.3d 1180, 1184 (9th Cir. 1997). The Supreme Court held in United States v. Armstrong that in order to prevail on a selective prosecution claim, a criminal defendant must prove that the prosecution both had a discriminatory effect and was motivated by a discriminatory purpose. See United States v. Armstrong, 517 U.S. 456, 465 (1996). Both prongs must be demonstrated for the defense to apply. See Turner, 104 F.3d at 1184.

2006 WL 734395 at *2. Defendant Chan's claim of selective prosecution was rejected as no

---

[1] In his Motion of Selective Prosecution Defense (doc #72), defendant Montgomery requests both discovery relating to selective prosecution and dismissal based on selective prosecution. The request for discovery is being denied by the undersigned in a separate order.

8

competent evidence tending to show the existence of discriminatory effect or discriminatory purpose had been submitted to the court in support of the motion to dismiss. See Chan, 2006 WL 734395 at *4.

Defendant Montgomery has presented absolutely no evidence tending to show the existence of discriminatory effect or discriminatory purpose in support of his motion to dismiss for selective prosecution. Therefore, defendant's second argument for selective prosecution must also fail.

### E. Uniform Criminal Extradition Act

Defendant contends that he was deprived of "the safeguarded provisions of the Uniform Criminal Extradition Act" when he was extradited from the State of Missouri to the jurisdiction of the United States.

Courts have found that the Uniform Criminal Extradition Act ("UCEA") applies only to transfers between the states and has no application to transfers involving the federal government. See Trafny v. United States, 311 Fed. Appx. 92, 95 (10th Cir. 2009)("the protections of ... UCEA only apply to transfers between actual states of the Union"); Martin v. Pittman, 244 Fed. Appx. 597, 602 (5th Cir. 2007)("By its express terms, the UCEA ... applies only to transfers between the several states.") As the UCEA is not applicable to transfers involving the federal government, defendant was not deprived of any rights under the UCEA.

### F. Magistrate Judge's Authority

Defendant argues that the undersigned magistrate judge exceeded her authority and violated defendant's substantive due process rights as a magistrate judge has no jurisdiction to preside over defendant's pretrial proceedings.

An Order of Reference to United States Magistrate Judge Sarah W. Hays was signed by United States District Judge Ortrie D. Smith on July 1, 2010. This Order of Reference provided in part:

> Pursuant to Section 636(b), Title 28, United States Code, and Rule 22[2] of the

---

[2]The pertinent local rule is now 72.1.

> Local Rules of Procedure of the United States District Court for the Western District of Missouri, it is hereby
>
> ORDERED that United States Magistrate Judge Sarah W. Hays be, and she is hereby, designated to hear and determine all pretrial motions or matters now pending, or hereafter filed in this criminal action, except (1) a motion to dismiss or quash the indictment, and (2) a motion to suppress evidence, in accordance with the provisions of Section 636(b)(1)(A), Title 28, United States Code; and such pretrial motions or matters now pending or hereafter filed in this criminal action are hereby referred to the Magistrate Judge to hear and determine.
>
> Any party may appeal from the Magistrate Judge's order determining a motion within ten (10) days after issuance of the order unless a different time is prescribed by the Magistrate Judge or the undersigned District Judge. Such party shall file with the Clerk of Court, and serve the Magistrate Judge and all parties, a written statement of the appeal, which shall specifically designate the order, or part thereof, appealed from and the basis for the appeal. The undersigned District Judge will consider the appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The undersigned District Judge may reconsider sua sponte any motion determined by the Magistrate Judge. It is further
>
> ORDERED that United States Magistrate Judge Sarah W. Hays be, and she is hereby, designated to hear and process all pretrial motions to (1) dismiss or quash the indictment, and (2) suppress evidence, now pending or hereafter filed in this criminal action, in accordance with the provisions of Section 636(b)(1)(B) and (b)(1)(C), Title 28, United States Code; and all such pretrial motions now pending or hereafter filed in this criminal action are hereby referred to the Magistrate Judge to hear and process. Any party may object to the Magistrate Judge's proposed findings and recommendations in respect to (1) a motion to dismiss or quash the indictment, or (2) a motion to suppress evidence, within ten (10) days after being served with a copy of the proposed findings and recommendations. Such party shall file with the Clerk of Court and serve the Magistrate Judge and all parties written objections which shall specifically identify the portion or portions of the proposed findings and recommendations to which an objection is made and the basis for each objection.
>
> The undersigned District Judge will make a de novo determination of those portions of the proposed findings and recommendations to which specific objection is made, and may accept, reject or modify, in whole or in part, the proposed findings or recommendations made by the Magistrate Judge. The undersigned District Judge need not conduct a new hearing and may consider only the record developed before the Magistrate Judge in making his de novo determination. The undersigned District Judge may receive further evidence, recall witnesses, or recommit the motion to the Magistrate Judge with instructions. ...

(doc #13 at 1-2)

The undersigned has complied with this Order of Reference and the authority bestowed upon her under federal statutes and by local rule. Thus, defendant's argument must fail.

G.  Grand Jury

Defendant claims that the indictment against him must be dismissed because the grand jury was improperly impaneled. According to defendant:

> The Grand Jury empaneled on April 21, 2009, which indicted defendant was basically a selected jury as it was handpicked by District Judge Ortrie D. Smith, whom is presiding over defendants trial, and deliberately excluded citizens of Jackson County, Missouri Afro-Americans, women, and other distinguishable groups and classes of people. It was deliberately selected from a jury pool chosen from residing rural all white or predominately white areas and violates defendants constitutional rights.

(doc #78 at 10)

Defendant has presented no facts or evidence to support his claim, just his subjective beliefs. Thus, the request for dismissal must be denied. However, by separate Order, the Court is granting in part defendant's Motion to Inspect Jury Recordings and to Quash Jury Panel (doc #84). Defendant is being provided with a copy of the Amended Plan for the Random Selection and Service of Grand and Petit Jurors for the United States District Court for the Western District of Missouri to provide an overview of the grand jury selection process. Further, defendant is being provided records compiled and maintained by the jury clerk pursuant to 28 U.S.C. § 1868 which are available to the public pursuant to 28 U.S.C. § 1867(f). The denial is without prejudice to defendant refiling his motion if facts are presented which, if true, would constitute a substantial failure to comply with the provisions of Title 28 in selecting the grand jury.

H.   Constitutionality of 18 U.S.C. § 922(g)(1)

Defendant Montgomery again argues 18 U.S.C. § 922(g)(1) is unconstitutional. As the Court explained in its previous Report and Recommendation, the Eighth Circuit has consistently held that 18 U.S.C. § 922(g) is constitutional and not violative of the Commerce Clause. In United States v. Stuckey, 255 F.3d 528 (8th Cir.), cert. denied, 534 U.S. 1011 (2001), the court analyzed the constitutionality of section 922(g)(1) as follows:

> Stuckey argues that the Supreme Court's decisions in United States v. Lopez, 514 U.S. 549 ... (1995)(involving the Gun-Free School Zones Act, codified at 18 U.S.C. § 922(q)), and United States v. Morrison, 529 U.S. 598 ... (2000)(involving the Violence Against Women Act, codified in part at 42 U.S.C. § 13981), both of which struck down statutes as unconstitutional exercises of the Commerce Clause, require the court to strike down 18 U.S.C. § 922(g)(1).

> Because § 922(g)(1) contains an express jurisdictional element that satisfies the Commerce Clause, a long line of post-Lopez Eighth Circuit decisions have rejected claims that the statute is unconstitutional. ...
>
> Nothing in Morrison changes our mind about the constitutionality of § 922(g)(1). ... We agree with those circuits that have specifically rejected the notion that Morrison calls into question the constitutionality of § 922(g)(1):
>
>> The jurisdictional element in § 922(g)(1) puts it into a different category of analysis than the laws considered in Lopez and Morrison. Section 922(g)(1) by its language only regulates those weapons affecting interstate commerce by being the subject of interstate trade. It addresses items sent in interstate commerce, and the channels of commerce themselves–ordering they be kept clear of firearms. Thus, no analysis of the style of Lopez or Morrison is appropriate.
>
> United States v. Dorris, 236 F.3d 582, 586 (10th Cir. 2000); see United States v. Santiago, 238 F.3d 213, 216 (2nd Cir. 2001)("Unlike the statutes at issue in either Lopez or Morrison, § 922(g) includes an express jurisdictional element requiring the government to provide evidence in each prosecution of a sufficient nexus between the charged offense and interstate or foreign commerce.") ...

Stuckey, 255 F.3d at 529-30 (footnote omitted). See also United States v. Schmidt, 571 F.3d 743, 746 (8th Cir. 2009)("This Court has repeatedly held § 922(g)(1) ... is expressly tied to interstate commerce."); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002)(claim that section 922(g)(1) is not a constitutional exercise of congressional power has already been considered and rejected by prior decisions of this court upholding constitutionality of felon in possession statute versus a Commerce Clause argument); United States v. Abernathy, 277 F.3d 1048, 1051-51 (8th Cir. 2002)(constitutional challenge to section 922(g)(1) is without merit); United States v. Holman, 197 F.3d 920, 921 (8th Cir. 1999)("Lopez challenge to section 922(g) is foreclosed by our prior decisions").

Based on the authorities set forth above, this Court must again reject defendant's constitutional challenges to 18 U.S.C. § 922(g)(1).

> I. Prosecutorial Misconduct Before the Grand Jury

Defendant claims that "prejudicial and highly inflammatory evidence of an uncharged act of aggravated assault and 'unlawful use' of a weapon was testified to the grand jury by the governments witness." (doc #78 at 10) More specifically:

> It should be noted that Det. [Giglio] offered testimony under oath to the Grand Jury that defendant was engaged in more serious felony crimes, which mislead this jury to return the indictment in essence–charging defendant with the prejudicial presumption of an aggravated assault in lieu of 922(g) violation; which 922(g)(1) should have been the only evidence presented in light of what defendant has been indicted for. (see Grand Jury transcripts). This testimony is false in the sense that Det. [Giglio] did not investigate the allegations, a Det. Toigo did, and testimony inflamed the juror members to decisions to indict.

(doc #78 at 7)

First, "[t]he Constitution does not prohibit the use of hearsay testimony in grand jury proceedings, and even an indictment based exclusively on hearsay may be valid." United States v. Bowie, 618 F.3d 802, 817-18 (8th Cir. 2010)(quoting United States v. Hintzman, 806 F.2d 840, 843 (8th Cir. 1986)). Next, while defendant does not provide the actual testimony to which he objects, it appears to be the background information that brought the police to the scene the night defendant was arrested for being a felon in possession of a firearm, i.e. the shooting in which defendant was apparently involved as the car he was driving was riddled with bullet holes and breaking glass.

Defendant has a heavy burden in seeking a dismissal of the indictment on the basis of prosecutorial misconduct before the grand jury. See United States v. Kouba, 822 F.2d 768, 774 (8th Cir. 1987)("Grand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden.") A dismissal for prosecutorial misconduct before the grand jury is warranted only upon a showing of actual prejudice to the accused. See United States v. McKie, 831 F.2d 819, 821 (8th Cir. 1987); Kouba, 822 F.2d at 774; United States v. Carr, 764 F.2d 496, 498 (8th Cir. 1985), cert. denied, 475 U.S. 1010 (1986).

Further, "[i]t is well settled that an indictment returned by a legally established and unbiased grand jury 'is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'" United States v. Roach, 28 F.3d 729, 739 (8th Cir. 1994)(quoting United States v. Calandra, 414 U.S. 338, 345 (1974)). Absent some evidence of gross purposeful deception by the government, an indictment will not be overturned because it is possible that some of the evidence presented to the grand jury may have permitted an erroneous adverse inference. See United States v. Levine, 700 F.2d 1176, 1179 (8th Cir. 1983). Finally, an indictment

should not be dismissed if there is some competent evidence to sustain the charge issued. See United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985)(even if agent perjured himself before grand jury, dismissal is not proper where defendants had not shown that grand jury heard no evidence competent to sustain indictment). Accord Levine, 700 F.2d at 1180.

Defendant has presented no evidence of actual prejudice to himself or purposeful deception by the government. Rather, the 911 call about a shooting in progress that brought the police to the scene sets forth the stage for the ensuing chase of the car defendant was driving, defendant wrecking the car into a parked vehicle, defendant fleeing on foot and the discovery of the firearm in the car abandoned by defendant. As defendant has not shown that the grand jury heard no evidence competent to sustain the indictment brought against him, his claim for dismissal based on prosecutorial misconduct must be denied.

J.   Grand Jury Selection

Defendant Montgomery again argues that he was denied his due process rights because he was not permitted to participate in the selection of the grand jury. In its previous Report and Recommendation, the Court quoted the following excerpt from the case of United States v. McDowell, 2010 WL 5014445 (D. Kan. Dec. 3, 2010). The court wrote:

> The Jury Selection and Service Act, 28 U.S.C. § 1861 et seq., governs the selection of grand jury and petit juries in federal court, and section 1867 provides the exclusive means by which a party may challenge grand jury selection procedures. United States v. Contreras, 108 F.3d 1255, 1267 (10th Cir. 1997). The procedural requirements are designed to give the district court an opportunity to evaluate the alleged noncompliance and to correct such noncompliance before judicial resources are invested in a trial. Id. at 1266 (citing United States v. Kennedy, 548 F.2d 608, 612-14 (5th Cir. 1997)). Section 1867(a) articulates that challenges to procedures under the Act must be made before voir dire examination begins or within seven days after the defendant discovered or could have discovered the grounds therefore. 28 U.S.C. § 1867(a). It does not state, however, that such challenges may be made during the selection process itself. Mr. Pitter and Mr. McDowell have not provided, nor has the Court's independent research revealed, any case law that recognizes the power of a party to challenge the grand jury at the time of its selection.

McDowell, 2010 WL 5014445 at *1.

Any objections to the grand jury selection process or qualifications of individual grand jurors must be done in accordance with 28 U.S.C. § 1867. Defendant has provided the Court with no basis

for dismissal of this case.

K.     Constitutionality of 18 U.S.C. § 3231

18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction ... of all offense against the laws of the United States."  In his last motion to dismiss, defendant argues that section 3231 is unconstitutional and void because H.R. 3190 was never constitutionally passed by Congress.  (Doc #109)  Thus, according to defendant this Court has no subject matter jurisdiction.

Other courts have faced this same argument and have rejected in summarily.  In United States v. Yeomans, 2009 WL 2338049 (D. Colo. July 27, 2009), the court wrote:

> The arguments Movant sets forth in the Motion challenging the constitutionality of the manner in which § 3231 was enacted have been uniformly rejected by the federal courts.  Villanueva v. United States, 2009 WL 1475498, at *1 (E.D.Wis. May 27, 2009).  The courts have held that the various claims that numerous prisoners have made challenging the validity of the enactment of § 3231 are without merit and are frivolous.  See, e.g., United States v. Armijo, 314 Fed. Appx. 113, 114 (10th Cir. 2008)(holding that argument that § 3231 was not validly enacted is meritless); United States v. Potts, 251 Fed. Appx. 109, 111 (3rd Cir. 2007)(finding that § 3231 was "properly enacted and is binding" and argument to the contrary is frivolous); United States v. Barren, 219 Fed. Appx. 560, 563 (7th Cir. 2007)(holding that argument that § 3231 was never enacted is frivolous); see also Little v. Levi, 2007 WL 4255265, at *1 (E.D.Pa. Nov. 29, 2007)("even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" the claim that § 3231 is not valid).

2009 WL 2338049 at *3.  Defendant's final argument for dismissal must be rejected.

### III.  CONCLUSION

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying dismissal of this criminal action as requested in defendant's pleadings (docs #71, #72, #74, #76, #78, #84, #89, #90, #93, #95, #96, #99, #100 and #109).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same.  A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain

error or manifest injustice.

                                                                              */s/ Sarah W. Hays*
                                                                              SARAH W. HAYS
                                                    UNITED STATES MAGISTRATE JUDGE