IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-00187-01-CR-W-ODS |
| | ) | |
| ROBERT MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendant Montgomery's Motion to Dismiss for Loss of Evidence (doc #138). Defendant contends:

> [T]he prosecution has deliberately withheld and destroyed exculpatory evidence in its case-in-chief against the defendant in the instant action. Defendant asserts that the prosecution in this case failed to produce exculpatory evidence in its possession, which it knew the defense would need in order to impeach the testimony of a governments witness. Defendant also assets that the prosecution destroyed evidence that the defense would need to provide proof of fraudulent evidence recovered from the vehicle that the defendant was in.

(Id. at 1) Specifically, defendant complains that (1) there were no photographs taken of the firearm while it was inside the vehicle; (2) the prosecution has failed to preserve the vehicle in question; (3) no fingerprint analysis has been conducted; (4) the 9-1-1 call recording has not been produced; (5) no recording of the later phone call between police and the 9-1-1 caller has been produced; (6) no "scientific" evidence linking defendant to the firearm has been produced; (7) no crime scene photographs have been produced; and (8) no shell casings from the crime scene or the car have been produced. For the reasons set forth below, it is recommended that this motion be denied.

As set forth in United States v. Houston, 548 F.3d 1151 (8th Cir. 2008), a criminal

defendant's due process rights are violated when the government "suppresses or fails to disclose material exculpatory evidence." Id. at 1155 (quoting Illinois v. Fisher, 540 U.S. 544, 547 (2004)(per curiam)). If, however, the evidence in question is only potentially useful, as opposed to clearly exculpatory, the defendant must prove bad faith on the part of the police to make out a due process violation. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988)("unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law").

None of the "absent" evidence has been shown to be clearly exculpatory. It is a stretch for defendant to argue that the "absent" evidence would be even potentially useful to his defense. However, giving defendant the benefit of the doubt that such evidence would be potentially useful, defendant Montgomery must prove that the officers acted in bad faith by not preserving or obtaining the items listed above. Montgomery has failed to demonstrate bad faith. Nothing suggests that the forensic testing and analysis which was or was not performed was carried out in bad faith. Nothing suggests that officers would normally take crime scene photographs when a felon in possession of a firearm is arrested or that the police would normally impound the vehicle from which a driver is arrested until the driver/defendant has gone to trial, but, with an evil motive, failed to do so in this case. Although it may have been preferable for the officers to have preserved the 9-1-1 call and recorded the subsequent follow-up call to the person who made the original 9-1-1 call, Montgomery has not demonstrated that the failure to do so was in bad faith. At most, Montgomery's arguments show negligence on the part of the officers, and negligence does not amount to bad faith. See United States v. Iron Eyes, 367 F.3d 781, 786-87 (8th Cir. 2004). Therefore, defendant's motion to dismiss must be denied.

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Montgomery's Motion to Dismiss for Loss of Evidence (doc #138).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                              */s/ Sarah W. Hays*
                                              SARAH W. HAYS
                                UNITED STATES MAGISTRATE JUDGE