IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT MONTGOMERY,            )
                              )
        Movant,                )
                              )
vs.                           )   Case No. 13-1008-CV-S-ODS
                              )   Crim No. 10-00187-01-CR-W-ODS
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION
RELIEF AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Pending is Movant's request for postconviction relief pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

I. BACKGROUND

Movant was charged with being a felon in possession of a firearm. He pled not guilty and represented himself at trial. He was found guilty by the jury and Movant elected to be represented by his stand-by counsel at sentencing. The Court found Movant was an armed career criminal because he had three prior convictions for violent felonies or serious drug offenses, which subjected Movant to a mandatory minimum sentence of 180 months. The Presentence Investigation Report ("PSR") applied an armed career criminal enhancement, raising Movant's offense level from 28 to 33 and resulting in a sentencing range of 188 to 235 months. Movant was sentenced to 188 months imprisonment.

Counsel was appointed to represent Movant on appeal, and on appeal counsel raised the following arguments: (1) insufficiency of the evidence, (2) one of Movant's prior convictions – a conviction for second degree domestic assault – did not qualify as a violent felony, and (3) the resulting sentence was excessive and violated the Eighth Amendment. The Court of Appeals affirmed, and the

Supreme Court declined to issue a Writ of Certiorari. United States v. Montgomery, 701 F.32d 1218 (8th Cir.), cert. denied, 133 S. Ct. 2814 (2013).

## II. DISCUSSION

### A. Ineffective Assistance of Appellate Counsel – Failing to Challenge Jury Instruction

In his first argument Movant contends his appellate counsel was ineffective for failing to challenge the jury instruction regarding the interstate nexus requirement. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged

2

ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Additional considerations apply when the claim is that *appellate* counsel was ineffective.

> "When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue."

Winters v. United States, 716 F.3d 1098, 2013 (8th Cir. 2013) (quoting Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006), cert. denied, 552 U.S. 993 (2007). This is particularly true if the error that allegedly should have been raised would have been reviewed only for plain error. "Because of . . . the reality that effective appellate advocacy often entails screening out weaker issues, the Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal. . . . The decision to forgo a plain error claim is usually the result of a reasonable winnowing of weaker appellate claims. Therefore, we rarely conclude than appellate attorney's performance was constitutionally deficient for not raising such a claim." Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998).[1]

The Court concludes this alleged failing on appellate counsel's part does not violate either of Strickland's prongs. Movant contends the verdict director – Instruction No. 15[2] -- incorrectly instructed the jury regarding the interstate nexus.

---

[1] The Court declines to consider the affidavit provided by Movant's appellate counsel; the Court is basing its decision on the Record already developed and there is no need for a hearing or other augmentation of the Record.

[2] Movant refers to Instruction 16. When the Court's proposed instructions were distributed to the parties before the instruction conference, the verdict director was Instruction 16. During the conference, it came to light that another instruction – Instruction 10 – was not necessary. T.Tr. at 188. This caused the instructions to be renumbered when the final packet was prepared, and the verdict director was renumbered as Instruction 15.

3

The verdict director set forth three elements, the third of which required the jury to find "the firearm was transported across a state line at some time during or before the defendant's possession of it." Later, the same instruction advised the jury that if it "found beyond a reasonable doubt that the firearm . . . was manufactured in a state other than Missouri and that the defendant possessed that firearm in the State of Missouri," it could but was not required to find that it was transported across a state line. Movant's argument, shockingly, seems to be that the jury should have been told that if it found the firearm was not manufactured in Missouri it was *required* to find that it was transported across a state line. See Movant's Brief (Doc. # 2) at 8-9. If there was error – and the Court is not holding that Instruction 15 was incorrect – the error could only have *benefitted* Movant. Counsel was not ineffective for failing to object to a decision that inured to the defendant's favor. To the extent that Movant's argument rests on the fact that Instruction 15 was not identical to the Eighth Circuit Model Instruction, the failure to raise this issue on appeal did not violate Strickland because the Model Instructions are guides and are not binding on district courts. E.g., United States v. Cornelison, 717 F.3d 623, 628 (8th Cir. 2013).[3]

B. Ineffective Assistance of Appellate Counsel – Failing to Challenge Alleged Prosecutorial Misconduct

Movant next contends his appellate attorney provided ineffective assistance for failing to raise an issue about prosecutorial misconduct. The controlling case with respect to prosecutorial misconduct in closing argument is Darden v. Wainwright, 477 U.S. 168 (1986). "[U]nder Darden, habeas relief is

---

[3]The Court's analysis makes it unnecessary to consider whether Roe applies in this case – although it appears that it would because this objection was not made at trial. Movant objected to the verdict director at trial, but his present objection appears to be different. At trial (and in his pro se brief on appeal, the substance of which the Court of Appeals considered but rejected on the merits, Montgomery, 701 F.3d at 1220 n.1.), he argued the verdict director was infirm for failing to provide enough detail about the interstate nexus and for not utilizing his proposed language. T.Tr. at 188-91; see also Doc. # 166 from the criminal case, at 23-24 (Movant's proposed verdict director).

4

only appropriate if a prosecutor's improper closing argument so infected the trial with unfairness as to make the resulting conviction a denial of due process." Cole v. Roper, 623 F.3d 1183, 1194 (8th Cir. 2010) (quotations from Darden omitted). "Under this standard, a petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial--i.e., that absent the alleged impropriety, the verdict probably would have been different." Newlon v. Armontrout, 885 F.2d 1328, 1336-37 (8th Cir. 1989), cert. denied, 497 U.S. 1038 (1990) (quotations omitted); see also Darden, 477 U.S. at 181; Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002). Of course, the need to consider prejudice arises only if the prosecutor's argument is actually improper – and that is not the case here.

Movant specifies eight instances in which he alleges the prosecutor's argument was inappropriate. The Court disagrees. The passages in question constituted fair and proper argument, invited the jury to consider inferences from and the reasonableness of the evidence, and a request that the jury find Movant guilty. Memorandum of Law (Doc. # 2) at 11-15 (quoting T.Tr. at 290, 292, 295, 296, 317, 319. Nothing said was improper, so there could have been no prejudice. Moreover, no objections were lodged so any review would have been for plain error. Relying on Roe, the Court concludes Strickland's performance prong was not violated by counsel's decision to not seek plain error review of this non-meritorious claim.

### C. Application of the Armed Career Criminal Act

Movant contends the Armed Career Criminal Act ("ACCA") did not apply to him because one of the three felonies used to trigger its application was not "violent." This issue was raised on direct appeal and was rejected. The Court of Appeals noted the PSR described the charging document for the domestic assault conviction as alleging Movant "knowingly caused physical injury, which meant the charge had to arise under subsection (1) of section 565.073.1 of the Revised Missouri Statutes. The absence of an objection to the PSR allowed this

Court (and the Court of Appeals) to accept the truth of this characterization. This subsection of the Missouri statute had previously been held to be a "violent felony" within the meaning of the ACCA, so the domestic assault conviction could count as one of the predicate convictions. Montgomery, 701 F.3d at 1222-23.

Movant argues the Eighth Circuit's ruling was wrong, and relies primarily on cases decided before his direct appeal was decided. However, a postconviction proceeding is not a substitute for a direct appeal. E.g., Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). This means that a postconviction proceeding cannot be used to (1) raise claims that should have been raised on direct appeal or (2) re-consider claims actually made and ruled upon on direct appeal. Therefore, this ground must be rejected.[4]

Movant also argues the Eighth Circuit's decision is wrong because of the Supreme Court's subsequent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). Even if this argument could be raised in a postconviction proceeding, it would be rejected because it is incorrect; Alleyne specified it does not apply to the existence or character of prior convictions. See 133 S. Ct. at 2160 n.1 (declining to revisit this exception first recognized in Almendarez-Torres v. United States, 523 U.S. 224 (1998)).

### D. Ineffective Assistance of Counsel on Appeal

This argument only reiterates the first two arguments. It is rejected for the reasons previously stated.

---

[4]Not that it matters, but to the extent Movant attempts to rely on Marrero v. United States, 133 S. Ct. 2732 (2013), the Court notes Marrero summarily vacated and remanded that case to the Third Circuit; the only analysis is provided by the dissent. Moreover, nothing alters the viability of Shepard v. United States, 544 U.S. 13 (2005), which the panel in this case relied upon to justify examining the charging instrument.

### E. Cumulative Error

Movant's final argument is that he is entitled to relief because of the cumulative effect of the previously-discussed errors. There were no errors to accumulate, so this claim is rejected.

### III. CERTIFICATE OF APPEALABILITY

In order to appeal, Petitioner must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Petition because the issues are fresh in the Court's mind and efficiency is promoted. See Rule 11(b), Rules Governing Section 2254/2255 Proceedings. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court declines to issue a Certificate of Appealability. Given the nature of the arguments Movant alleges should have been raised on appeal, the fact that one (and possibly both) of those arguments would have been reviewed only for plain error, and the nature of the arguments actually raised, reasonable jurists would agree appellate counsel satisfied Strickland's requirements. The third ground was raised and rejected on direct appeal, and reasonable jurists would agree that relief cannot issue now. The remaining grounds depend on the first three, and further proceedings on them are not warranted.

## IV.  CONCLUSION

The motion for postconviction relief is denied.  The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.


DATE: March 19, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT